UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC COAST CONTAINER, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROYAL SURPLUS LINES INSURANCE CO.,<br><br>Defendant. | Case No. C08-278MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration regarding the Court's July 8, 2008 Order denying Plaintiff's motion for partial summary judgment. (Dkt. No. 26.) On July 23, the Court called for a response to the motion. (Dkt. No. 27.) Having considered the motion and response (Dkt. No. 28), the Court DENIES the motion for reconsideration.

In this action, Pacific Coast sued its insurer, Royal, for failing to provide coverage for a negligence claim by Lucatero (a leased worker working at Pacific Coast's facility) against Pacific Coast. Pacific Coast argues that the Court incorrectly interpreted an exclusionary provision in the stop gap endorsement of the insurance contract in its July order. The Court concluded that the exclusionary provision (the "exclusion") operated to exclude coverage for Lucatero's claims against Pacific Coast. The provision at issue excludes from coverage:

> **any claim brought against you by or on behalf of any employee for 'bodily injury' or death resulting therefrom (1) if benefits therefore [sic] under any workers' compensation or occupational disease law are accepted by or on behalf of such employee.**

ORDER — 1

In its reply brief, Plaintiff argued that this exclusion was inapplicable because it "only refers to the no-fault workers' compensation claim for which Lucatero was already paid—not his separate and independent negligence claim against Pacific Coast." (Reply Br., p. 8.) The Court rejected this argument. (Order, pp. 7–8.) The Court then examined the language of the exclusion, concluding that the exclusion unambiguously applied to preclude coverage. (Order, p. 9.) Lucatero suffered an on-the-job injury and filed a workers' compensation claim with the State and received workers' compensation benefits for that injury. He then sued Pacific Coast for negligence arising out of that same injury. The Court concluded that the exclusion precludes Pacific Coast from obtaining coverage.

In its motion for reconsideration, Pacific Coast argues that the exclusion does not apply to certain parts of Lucatero's negligence claim. Pacific Coast points out for the first time that Lucatero sought damages for pain and suffering—in addition to disability, wage loss, and other damages—in his negligence suit against Pacific Coast. (Mot. for Reconsideration at 4.) Pacific Coast argues that because Lucatero accepted no "benefits" for pain and suffering "under any workers' compensation . . . law," the exclusion does not apply and Pacific Coast therefore has insurance coverage for at least Lucatero's pain and suffering claim. (Mot. for Reconsideration at 5–6.)

Pacific Coast did not raise this argument with the Court until now. Under Local Civil Rule 7(h)(1), motions to reconsider are disfavored and are ordinarily denied unless the movant makes "a showing of manifest error in the prior ruling" or provides "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Pacific Coast's motion for reconsideration does not meet the requisite standard under CR 7(h)(1). In its reply brief, Pacific Coast did not draw any distinction between claims for which Lucatero received workers' compensation benefits, such as medical bills and wage loss, and claims for which he received no benefits, such as pain and suffering. For this reason, the Court denies the motion for reconsideration without considering its merits.

ORDER — 2

The clerk is directed to send copies of this order to all counsel of record.

Dated: August 28th, 2008.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER — 3